**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal Action No.: GJH-18-0182 |
| | * | |
| SANJI AKONGMBOM, | * | |
| | * | |
| Defendant-Appellant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pursuant to Fed. R. Crim. P. 58(g)(2)(B), Defendant Sanji Akongmbom appeals the judgment entered against him by a Magistrate Judge of this Court for violations of 36 C.F.R. § 4.23(a)(1), Operating Under the Influence of Alcohol or Drugs, and Md. Code Ann., Transp. § 16-101(a), License Required to Drive or Attempt to Drive Motor Vehicle. Defendant raises three categories of arguments on appeal: (1) the Court lacked jurisdiction over the criminal case; (2) the Government's evidence was insufficient to support a finding of guilt as to the charge of driving under the influence of alcohol ("DUI"); and (3) the Government's evidence was insufficient to support a finding of guilt as to the charge of driving without a license. The matter has been briefed under the Local Rules of the Court, and no oral argument is necessary. *See* Loc. R. 302.1 (D. Md. 2018). For the reasons set forth below, the appeal is denied and the judgment is affirmed.

## I.     BACKGROUND

At Defendant's bench trial on October 23, 2017, an officer of the United States Park Police ("USPP"), Robert Usher, testified that his patrol assignment on the Baltimore-Washington

Parkway included patrolling Powder Mill Road. ECF No. 4 at 6–7.[1] Officer Usher further

testified that, while patrolling Powder Mill Road through the Beltsville Agricultural Research

Center (the "BARC") at about 1:00 a.m. on May 14, 2017, he observed Defendant's white

Mercedes SUV parked in a driveway outside a gated entrance to an area within the BARC. *Id.* at

7, 10. Officer Usher approached the vehicle on foot and observed Defendant asleep in the

driver's seat. *Id.* at 8. The vehicle's engine was not running, and the ignition key was on

Defendant's lap. *Id.* at 10–11. The officer relayed the vehicle's registration to dispatch and then

knocked several times on the driver's window to get Defendant's attention. *Id.* at 9. Defendant

did not respond, so the officer opened the driver's unlocked door in order to awaken him. *Id.*

Upon awakening, Defendant appeared startled and began to grab the steering wheel and the shift

in the center console as if to drive away. *Id.* at 10. Officer Usher detected the odor of alcohol

emanating from Defendant, and consequently asked Defendant to exit the vehicle so he could

conduct field sobriety tests to determine whether Defendant was impaired. *Id.* Officer Usher

administered a horizontal-gaze nystagmus ("HGN") test, a test he had given hundreds of times,

and, based on his observations, arrested Defendant for operating or being in actual physical

control of a motor vehicle while under the influence of alcohol.[2] *Id.* at 11–16. Before arresting

Defendant, Officer Usher also administered a roadside test of Defendant's breath, but the officer

conducted no other field sobriety tests. *Id.* at 16–18.

  After Defendant was arrested, he was transported to the police station for processing. *Id.*

at 18. The desk processing officer, Officer Gerald Ferreyra, testified at trial that he processed

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] "An HGN test involves having a person follow a stimulus, such as a pen, with his or her eyes to observe if the subject's eyes involuntarily jerk. Involuntary eye movements suggest that the subject is intoxicated." *United States v. Wilson*, 711 F. App'x 706, 707 (4th Cir. 2017) (per curiam).

Defendant at the station, observed him, and generated a printout of Defendant's Maryland driver's license status from the station's computer (Gov't Ex. 2, which the Government withdrew). *Id.* at 29–30, 34; *see* Md. Code Ann., Transp. § 12-113(b)(2). Although he was not certified to do so at the time, Officer Ferreyra administered an alcohol test of Defendant's breath. ECF No. 4 at 35. The officer also conducted an HGN test, a test that Officer Ferreyra had conducted over 1,000 times. *Id.* at 36. During the observation period, Officer Ferreya detected the odor of alcohol from Defendant's breath and observed that his eyes were bloodshot and watery. *Id.* at 39–40. On the basis of Officer Ferreyra's observations and the results of the HGN test, he opined at trial that Defendant was intoxicated. *Id.* at 41.

The Government ultimately charged Defendant with (1) driving without a license, in violation of Md. Code. Ann., Transp. § 16-101(a), as incorporated by 36 C.F.R. § 4.2(a); (2) DUI with an alcohol concentration of 0.08 or more, in violation of 36 C.F.R. § 4.23(a)(2); (3) DUI, in violation of 36 C.F.R. § 4.23(a)(1); and (4) parking on a park roadway, in violation of 36 C.F.R. § 4.12. ECF No. 1-1.

At trial, over Defendant's objection, the Government introduced, under Fed. R. Evid. 803(6) and Fed. R. Crim. P. 902, Defendant's certified driving record from the Maryland Motor Vehicle Administration ("MVA") dated July 19, 2017, showing that Defendant had a valid Maryland license as of May 24, 2017 (Government's Exhibit 1). ECF No. 4 at 42–46, 52; ECF No. 10-3 at 7. The Magistrate Judge admitted the driving record into evidence. ECF No. 4 at 46.

At the close of evidence, the Government dismissed Defendant's citations for parking on a park roadway, in violation of 36 C.F.R. § 4.12, and for driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(2). ECF No. 4 at 62–63. Defendant moved for judgment of acquittal on the remaining charges, contending that the USPP lacked jurisdiction on BARC

property; that Defendant did not have actual physical control of his motor vehicle; that the Government failed to produce sufficient evidence to establish beyond a reasonable doubt that Defendant did not possess a Maryland's driver's license on May 14, 2017; and that the violation notices are insufficient to place Defendant on notice of the pending charges because they do not properly allege jurisdiction, are vague, and do not properly describe the charged offenses. *Id.* at 48–60; ECF No. 10-3 at 8. The Court took Defendant's motion under advisement. ECF No. 4 at 67.

On January 18, 2018, the Magistrate Judge issued a written opinion addressing Defendant's motions. ECF No. 10-3. The Magistrate Judge found that the Government had established jurisdiction and that 36 C.F.R. applied because 36 C.F.R. § 1.2(a)(4) makes the regulations of the National Park Service applicable to "environs of the District of Columbia." *Id.* The court took notice that BARC is within the "environs of the District of Columbia," that it is "within the special maritime and territorial jurisdiction of the United States," that it is administered by the Department of Agriculture, and that it is policed by the USPP with the approval of the Department of Agriculture. ECF No. 10-3 at 3–7. The Magistrate Judge also found that the government produced sufficient evidence to show that Defendant had been driving without a license on the day of his arrest, *id.* at 7–8, and that he had been operating his vehicle while under the influence of alcohol, *id.* at 9–12. Thus, the Magistrate Judge denied the Motion for Judgment of Acquittal.

The parties returned for closing argument on March 12, 2018. ECF No. 5. Defendant reiterated his arguments regarding the sufficiency of the Government's evidence. *Id.* at 4–5. First, Defendant suggested that the driving record submitted into evidence by the Government does not rule out the possibility that Defendant had some form of a license, such as a learner's

permit or some other provisional license, on the day of the incident. *Id.* In fact, Defendant informed the Court that he did have a learner's permit at the time of his arrest and showed the Court that permit. *Id.* at 11, 17–20. Additionally, Defendant argued that the Government had only provided evidence of the presence of alcohol, not that Defendant was under the influence. ECF No. 5 at 9.

Nevertheless, in reaching a verdict, the Magistrate Judge found "that the Government has proven beyond a reasonable doubt that the Defendant, at a time when he was in control of his vehicle, was under the influence of alcohol to a degree that made it unsafe to drive" and thus found him guilty of that offense. *Id.* at 15. The Magistrate Judge also found Defendant guilty of driving without a license. *Id.* 15–16. The court explained that the Government was required to establish that Defendant did not have a Maryland license at the time of the incident, which they did. *Id.* The Defendant then had the opportunity to raise several affirmative defenses, which he chose not to do. *Id.* The Magistrate Judge could not consider the evidence presented after the close of evidence—*i.e.*, Defendant's learner's permit—in deciding guilt or innocence, although such evidence could be considered with regard to sentencing. *Id.*

The Magistrate Judge then proceeded to sentencing. On the DUI charge, the Magistrate Judge sentenced Defendant to six months of probation with an order of total abstinence and an alcohol restriction on Defendant's license, as well as a fine of $210, a $10 special assessment, and a $30 processing fee. *Id.* at 26. The probation length for the DUI charge was shortened from the normal twelve months to six months on account of Defendant already having completed an alcohol treatment program. *Id.* On the driving without a license charge, the Magistrate Judge took the evidence Defendant had presented at the sentencing hearing into consideration as mitigating evidence and only imposed courts costs on Defendant totaling $40. *Id.* at 26–27.

Defendant timely file a Notice of Appeal with this Court on April 23, 2018, ECF No. 1, and filed his Appellate Memorandum on June 27, 2018, ECF No. 9. The Government filed its Answering Memorandum on July 26, 2018. ECF No. 10.

## II.   STANDARD OF REVIEW

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court in which the offense was committed." 18 U.S.C. § 3402. An appeal to a district judge is not a "trial *de novo*." Fed. R. Crim. P. 58(g)(2)(D). Instead, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.*; *see also United States v. Bursey*, 416 F.3d 301, 305–06 (4th Cir. 2005); *United States v. Lofton*, 233 F.3d 313, 317 (4th Cir. 2000).

Several different standards of review apply to the instant case. First, a district court reviews a magistrate judge's findings of fact for clear error, which means that reversal only occurs if, "in consideration of all the evidence, the finding leaves [the district court] with 'the definite and firm conviction that a mistake has been committed.'" *U.S. v. Drayton*, No. PWG-13-0251, 2014 WL 2919792, at *3 (D. Md. June 26, 2014) (quoting *United States v. Jackson*, 728 F.3d 367, 372 (4th Cir. 2013)). A court "will not reverse a lower court's finding of fact simply because [it] 'would have decided the case differently.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). Second, a reviewing court reviews evidentiary rulings for abuse of discretion. *United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007). A court abuses its discretion "when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id.* Third, "issues of law (such as the interpretation of statutes and regulations) are reviewed de novo." *Bursey*, 416 F.3d at 306.

Fourth and finally, when a court reviews a Defendant's conviction for sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In other words, a court's review for sufficiency of the evidence "is limited to determining whether substantial evidence supports the conviction." *United States v. Thomas*, No. PJM 13-0458, 2014 WL 2085338, at *3 (D. Md. May 7, 2014) (internal quotation marks omitted) (quoting *United States v. Burgos*, 94 F.3d 849, 853 (4th Cir. 1996)). "Substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Smith*, 451 F.3d 209, 216 (4th Cir. 2006); *see also United States v. Strayhorn*, 743 F.3d 917, 921 (4th Cir. 2014). A conviction may be reversed based on insufficient evidence only when "the prosecution's failure is clear." *United States v. Moye*, 454 F.3d 390, 394 (4th Cir. 2006) (internal quotation marks omitted) (quoting *United States v. Jones*, 735 F.2d 785, 791 (4th Cir. 1984)). In evaluating the sufficiency of evidence presented at a bench trial, a reviewing court must be mindful of the "great discretion accorded to the trial judge[,]" who "weighs the evidence, determines the credibility of the witnesses, and finds the facts." *United States v. Bales*, 813 F.2d 1289, 1293 (4th Cir. 1987).

## III.   DISCUSSION

On appeal, the Defendant raises three categories of arguments: (1) the Court lacked jurisdiction over the criminal case; (2) the Government's evidence was insufficient to support a finding of guilt as to the charge of driving under the influence of alcohol ("DUI"); and (3) the

Government's evidence was insufficient to support a finding of guilt as to the charge of driving without a license. The Court will address each in turn below.

### A.   Jurisdiction

Defendant argues that the court lacked jurisdiction over the prosecution that led to his convictions and that a "[c]ourt does not have jurisdiction simply because the Government 'says so.'" ECF No. 9 at 7–8. Specifically, Defendant asserts that the Government erred in two ways: "firstly, it did not establish any jurisdiction as to park territory or areas 'administered by the National Park Service' and secondly, it did not establish any jurisdiction that the charges against Defendant for DUI (under 36 C.F.R. § 4.23) are applicable at the Agricultural Research Center[.]" *Id.* at 8 (internal citations omitted). Defendant's jurisdictional arguments are unpersuasive.

At a general level, "[t]he district courts of the United States [including this Court] shall have original jurisdiction . . . of all offenses against the laws of the United States[,]" 18 U.S.C. § 3231, and the Government is authorized to prosecute those who commit crimes on lands within the "[s]pecial maritime and territorial jurisdiction of the United States[,]" 18 U.S.C. § 7; *see United States v. Erdos*, 474 F.2d 157, 160 (4th Cir. 1973). Section 7(3) of title 18 of the United States Code defines the "[s]pecial maritime and territorial jurisdiction of the United States" to include "lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof[.]" 18 U.S.C. § 7; *see Erdos*, 474 F.2d at 160. As the Magistrate Judge noted, the BARC is located on such land and thus is within the special maritime and territorial jurisdiction of the United States. ECF No. 10-3 at 4; *see* 7 C.F.R. § 502.1; *United States v. McClure*, 241 F. App'x 105, 106 (4th Cir. 2007) (per curiam) (categorizing the BARC as "an area within the territorial jurisdiction of the United States"). Therefore, the Government is

authorized to prosecute crimes committed on the land occupied by the BARC and this Court has jurisdiction over those criminal cases.

The concern at the heart of Defendant's jurisdictional argument, however, seems to be that the USPP does not have authority to enforce laws within BARC property, despite the Magistrate Judge's finding to the contrary.[3]

The USPP has authority to enforce its regulations within "the environs of the District of Columbia, policed with the approval or concurrence of the head of the agency having jurisdiction or control over such reservations[.]" 36 C.F.R. § 1.2(a)(4). "[E]nvirons of the District of Columbia means Federal areas, which are not under the administrative jurisdiction of the National Park Service, located in Arlington, Fairfax, Loudoun, Prince William, and Stafford Counties and the City of Alexandria in Virginia and Prince Georges, Charles, Anne Arundel, and Montgomery Counties in Maryland[.]" 36 C.F.R. § 1.4(a). In this case, under Fed. R. Evid. 201(b), the Magistrate Judge appropriately took judicial notice of the fact that the BARC is in Beltsville, Maryland, which is in Prince George's County, and thus is in "the environs of the District of Columbia" under 36 C.F.R. § 1.4(a). ECF No. 10-3 at 4; *see United States v. Johnson*, 726 F.2d 1018, 1021 (4th Cir. 1984) ("geographical information is especially appropriate for judicial notice").

Nevertheless, it is a closer factual question as to whether the BARC is policed by the USPP "with the approval or concurrence of the head of the agency having jurisdiction or control over such reservation[,]" 36 C.F.R. § 1.2(a)(4), which for the BARC is the Secretary of Agriculture, 7 C.F.R. § 502.1. The Magistrate Judge in the instant case determined such approval exists, a factual finding which this Court must now review for clear error. The Magistrate Judge

---

[3] The Appellant appears to be less concerned with this Court's jurisdiction and more concerned with the Government's ability to properly maintain this prosecution.

found that the Secretary of Agriculture approved the USPP's policing of the BARC by taking judicial notice of USPP's exclusive jurisdiction to enforce laws on BARC property. However, Defendant asserts that this judicial notice was inappropriate and that, consequently, the Magistrate Judge's finding of approval was in error. ECF No. 9 at 9–10. The Court disagrees.

Evidentiary rulings, including the appropriateness of judicial notice, are reviewed on appeal for abuse of discretion. *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). Here, the Magistrate Judge took judicial notice of USPP's jurisdiction to enforce laws within the BARC under Fed. R. Civ. P. 201(b). ECF No. 10-3 at 6. This Court finds the Magistrate Judge did not abuse his discretion in taking judicial notice of this information. The Magistrate Judge stated that judicial notice was appropriate because "this fact is 'not subject to reasonable dispute,' as it 'is generally known within the trial court's territorial jurisdiction' and 'can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'" *Id.* The Magistrate Judge cited two government websites, one state and one federal, to support its finding that USPP has jurisdiction to enforce laws on BARC property. *Id.* The Court of Appeals for the Fourth Circuit and numerous other courts, including this one, "routinely take judicial notice of information contained on state and federal government websites." *Garcia*, 855 F.3d at 621. Moreover, federal court case law shows that USPP routinely exercises its jurisdiction to enforce laws on BARC property, without issue, and sometimes with the collaboration of other government agencies. *See Elliott v. F.B.I.*, No. 06-1244 (JDB), 2007 WL 1302595, at *5 (D.D.C. May 2, 2007) (referencing USPP's collaboration with the Federal Bureau of Investigation in investigating a crime on BARC property); *United States v. Litman*, No. 93-5272, 1994 WL 560581, at *1 (4th Cir. Oct. 14, 1994) (stating defendant was charged with speeding under 36 C.F.R. § 4.21, a National Park Service regulation enforced by the USPP,

10

because defendant was speeding on BARC property); ECF No. 4 at 7, 25. Thus, the Magistrate Judge did not "act[] arbitrarily or irrationally, fail[] to consider judicially recognized factors constraining its exercise of discretion, rel[y] on erroneous factual or legal premises, or commit[] an error of law[.]" *Delfino*, 510 F.3d at 470. The Magistrate Judge did not abuse his discretion and this Court will uphold his decision to take judicial notice of USPP's jurisdiction to enforce laws within the BARC.

After upholding the Magistrate Judge's judicial notice under the standard of review for an evidentiary ruling, this Court must still decide whether the Magistrate Judge made a clear error in its factual finding that the Secretary had approved USPP's policing of BARC property. Having taken judicial notice of USPP's exclusive jurisdiction of BARC property, the Magistrate Judge could make, or choose not to make, a reasonable inference that it was done with the Secretary's approval. While it would have been preferable for the Government to offer direct evidence of the Secretary of Agriculture's approval, the Court lacks "the definite and firm conviction that a mistake has been committed[,]" and thus the Court will affirm the Magistrate Judge's finding. *Drayton*, 2014 WL 2919792, at *3 (internal quotation marks omitted) (quoting *United States v. Jackson*, 728 F.3d at 372).

Defendant's final jurisdictional argument that "[t]he only correct regulation under which the Government could charge the Defendant with a DUI on BARC property was under 7 C.F.R. § 502.8[,]" not 36 C.F.R. § 4.23, ECF No. 9 at 10, also fails. Defendant acknowledges 7 C.F.R. § 502.16, ECF No. 9 at 10, which states that: "Nothing contained in the rules and regulations in this part shall be construed as abrogating . . . any other regulations or any Federal law[,]" 7 C.F.R. § 502.16. Defendant also acknowledges "the prosecutor's normal power to choose between available charges[,]" ECF No. 10-3 at 5. ECF No. 9 at 11. Instead, Defendant relies on

11

his previous arguments regarding the Secretary of Agriculture's approval of USPP's policing in order to contend that enforcement of 36 C.F.R. § 4.23 is not possible on BARC property. *Id.* Because this Court affirmed above the Magistrate Judge's finding regarding the Secretary's approval, Defendant's related argument also falls. Since USPP does have jurisdiction to enforce its regulations within BARC property, the Government may choose whether to charge him for a DUI under 7 C.F.R. § 502.8 or 36 C.F.R. § 4.23.

### B.   Sufficiency of the Evidence to Support Defendant's Conviction for Driving Under the Influence of Alcohol

Defendant next argues that the evidence presented at trial was insufficient to support a finding of guilt as to the charge of driving while under the influence of alcohol. ECF No. 9 at 11. Defendant's argument has two prongs: (1) the Magistrate Judge's determination that the Defendant was in actual physical control is at odds with controlling law and therefore erroneous; and (2) no evidence was adduced that the Defendant was actually impaired—*i.e.*, under the influence—of alcohol. *Id.* at 11–12.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A burden which the Defendant here fails to carry.

As to Defendant's first argument, the Magistrate Judge discussed the "actual physical control" element of 36 C.F.R. § 4.23 at length in his opinion denying Defendant's Motion for Judgment of Acquittal, ECF No. 10-3 at 9–12, and this Court can find no error of law or clear error of fact in that opinion. After reviewing the relevant case law, the Magistrate Judge determined that operating a motor vehicle is broader than just driving a vehicle and being in actual physical control means something less than actual operation. *Id.* (citing *United States v. Griffin*, 400 F. App'x 783, 785 (4th Cir. 2010) (per curiam); *United States v. McFarland*, 369 F.

12

Supp. 2d 54, 57 (D. Me. 2005), *aff'd*, 445 F.3d 29 (1st Cir. 2006)). The Magistrate Judge also

concluded that whether a person is in "actual physical control" of a motor vehicle is commonly

ascertained by a totality of the circumstances test that considers factors such as:

> 1) whether or not the vehicle's engine is running, or the ignition on;
>
> 2) where and in what position the person is found in the vehicle;
>
> 3) whether the person is awake or asleep;
>
> 4) where the vehicle's ignition key is located;
>
> 5) whether the vehicle's headlights are on;
>
> 6) whether the vehicle is located in the roadway or is legally parked.

*Id.* (citing *Atkinson v. State*, 627 A.2d 1019, 1027 (Md. 1993)).

The Magistrate Judge then applied these factors to the instant case and determined

Defendant was in "actual physical control" of his vehicle. *Id.* First, Defendant was in the driver's

seat. *Id.* Second, Defendant was illegally parked, which distinguishes this case from *Atkinson v.*

*State*, 627 A.2d at 217 ("the vehicle was legally parked")—the case Defendant relies on in this

appeal, ECF No. 9 at 11–12. *See Atkinson*, 627 A.2d at 217 ("The location of the vehicle can be a

determinative factor in the inquiry because a person whose vehicle is parked illegally or stopped

in the roadway is obligated by law to move the vehicle, and because of this obligation could

more readily be deemed in 'actual physical control' than a person lawfully parked on the

shoulder or on his or her own property."). And third, Defendant was alone in the car and the keys

were in his possession. ECF No. 10-3 at 11 (citing *Kozak v. Comm'r of Pub. Safety*, 359 N.W.2d

625, 628 (Minn. Ct. App. 1984); *State v. Kitchens*, 498 N.W.2d 649, 650–52 (S.D. 1993)).

"[P]hysical control is meant to cover situations where an inebriated person is found in a

parked vehicle under circumstances where the car, without too much difficulty, might again be

started and become a source of danger to the operator, to others, or to property." ECF No. 10-3 at

12 (internal quotation marks omitted) (quoting *State v. Starfield*, 481 N.W.2d 834, 837 (Minn.

1992)). Consequently, the Magistrate Judge did not err in determining that the Defendant was in

actual physical control of his vehicle and "remained a threat to the public while intoxicated and

asleep in the driver's seat of his vehicle with its ignition key on his lap." *Id.*

      Defendant's second argument is equally unpersuasive. In evaluating the sufficiency of

evidence presented at a bench trial, a reviewing court must be mindful of the "great discretion

accorded to the trial judge[,]" who "weighs the evidence, determines the credibility of the

witnesses, and finds the facts." *Bales*, 813 F.2d at 1293. "A reviewing court may reverse a trial

judge's factual finding only if it is "clearly erroneous." *United States v. Pinchotti*, No. TDC-18-

0243, 2019 WL 1547264, at *2 (D. Md. Apr. 9, 2019). In finding Defendant guilty for driving

under the influence, the Magistrate Judge considered: Officer Usher's[4] testimony that he noticed

an odor of alcohol coming from the Defendant; Defendant's performance on the HGN Test

performed by Officer Usher; Officer Ferreyra's[5] testimony that the Defendant had bloodshot and

watery eyes; Officer Ferreyra's testimony that the Defendant smelled of alcohol; Defendant's

performance on the HGN test performed by Officer Ferrerya; and the opinion of these two

experienced officers, based on their observations of Defendant, that he was under the influence

of alcohol. ECF No. 5 at 14–15. The Court does not find clear error in the Magistrate Judge's

finding, but instead finds that there is sufficient evidence to establish that Defendant was under

the influence of alcohol. *See United States v. Wilson*, 711 F. App'x 706, 709–10 (4th Cir. 2017)

(finding sufficient evidence to establish that defendant was under the influence of alcohol where

---

[4] Officer Usher had been with the USPP for almost nine years at the time of his testimony. ECF No. 4 at 6.
[5] Officer Ferreyra had been with the USPP for almost 13 years at the time of his testimony and had made over 400 DUI arrests in that time. ECF No. 4 at 28, 37–38.

the officers smelled alcohol in the vehicle and on the defendant, the field sobriety test indicated that defendant was intoxicated, the defendant acted abnormally throughout his interactions with each of the officers, and the officers testified in their opinion that defendant was intoxicated). Thus, the Magistrate Judge's judgment, convicting Defendant on the DUI charge, is affirmed.

> **C.**  **Sufficiency of the Evidence to Support Defendant's Conviction for Driving Without a License**

Finally, Defendant makes two arguments challenging the sufficiency of the evidence in relation to his conviction for driving without a license: (1) the Government's Exhibit 1, Defendant's certified driving record, was improperly admitted; and (2) the certified driving record says nothing about the status of the Defendant's license at the time of the alleged offense. ECF No. 9 at 13–14.

The Defendant's first argument can quickly be disposed of, the Magistrate Judge did not abuse his discretion in admitting the Government's Exhibit. Defendant's certified driving record was admissible as a record of regularly conducted activity, pursuant to Fed. R. Evid. 803(6), and self-authenticating, pursuant to Fed. R. Crim. P. 902(11). *See* ECF No. 10-1 ("AS MOTOR VEHICLE ADMINISTRATOR FOR THE STATE OF MARYLAND AND BY VIRTUE OF THE AUTHORITY VESTED IN ME UNDER THE TRANSPORTATION ARTICLE, MARYLAND VEHICLE LAW, I DO HERBY CERTIFY, UNDER PENALTY OF PERJURY, THAT THE FOLLOWING IS A TRUE COPY TAKEN FROM THE ORIGINAL NOW ON FILE AND PART OF THE RECORDS OF THIS ADMINISTRATION."). The Government was not required to provide this record to Defendant under Fed. R. Crim. P. 16(1)(E) because that requirement is limited to items "within the government's possession, custody, or control," and the Maryland Motor Vehicle Administration records are not within the custody or control of the United States government. Further, even if disclosure had been required, as the Magistrate Judge

15

noted, Fed. R. Crim. P. 16(d)(2) provides courts with discretion as to how to handle a potential discovery violation under Fed. R. Crim. P. 16. The Magistrate Judge properly exercised this discretion by admitting the Exhibit after concluding that the Defendant could have requested the document from the Maryland Motor Vehicle Administration, the Defendant was on notice that the Government would be trying to prove that he was driving without a license and would be likely to use such a document, and the prosecution had provided the Defendant with a substantially similar uncertified document. ECF No. 4 at 44–47.

Defendant's second argument also fails. As discussed previously, when a court reviews a defendant's conviction for sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 319 (emphasis in original). The Government presented Defendant's certified driving record as evidence that Defendant did not have a license on the date of his arrest. The driving record states that Defendant was issued a new license on May 24, 2017, and again on September 18, 2017, but includes no record of a license issued prior to the date of his arrest on May 14, 2017. ECF No. 10-1. The Maryland statute under which Defendant was charged for driving without a license, Md. Code. Ann., Transp. § 16-101(a), includes exceptions to the license requirement outlined in the statute. These exceptions "are affirmative defenses that must be raised" by the defendant being charged. *Smith v. State*, 40 A.3d 428, 435 (Md. 2012). In the instant case, Defendant chose not to raise such defenses, including not informing the Magistrate Judge of Defendant's learner's permit until after the close of evidence. Thus, from the evidence presented by the Government, without countervailing evidence from the Defendant, a rational trier of fact could find beyond a reasonable doubt that Defendant was driving without a

license on the date of the incident.[6] This Court affirms Defendant's conviction for driving without a license.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's appeal is denied and his convictions are affirmed. A separate Order shall issue.

Date: <u>January 15, 2021</u>                                             <u>    /s/                                         </u>
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge

---

[6] During closing argument, Appellant revealed to the Magistrate Judge that Appellant had a learner's permit issued prior to the date of the incident. ECF No. 5 at 17. However, this evidence was presented after the close of evidence and could not be considered in the trial court's determination of Appellant's guilt or innocence. *Id.* at 15–16. Nevertheless, the Magistrate Judge did take this evidence into account in sentencing, imposing only court costs of $40.

17